# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JOHNSON, | CASE NO. 1:10-cv-02216 GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| DR. SHEHATA, M.D., et al., | |
| Defendants. | |

### Screening Order

**I.    Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

///

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. <u>Swierkiewicz v. Sorema, N.A.</u>, 534 U.S. 506 (512) (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (209), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" <u>Iqbal</u>, 129 S.Ct. at 1949, quoting <u>Twombly</u>, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. <u>Iqbal</u>, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief,'" which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." <u>Id</u>. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

**II.     Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against defendant Dr. Shehata, M.D., the CDCR and the State of California. The conduct at issue in this lawsuit occurred while Plaintiff was housed at North Kern State Prison (NKSP). Plaintiff's statement of claim relates to his medical care.

Plaintiff alleges that he hurt his knee while housed at NKSP on July 31, 2008. (Compl. ¶ IV.) Plaintiff was seen by Dr. Shehata, and asked Dr. Shehata for pain medication. Dr. Shehata told Plaintiff he would get the medication the next day. Dr. Shehata denied Plaintiff's request for an "H-bandage." (<u>Id.</u>) Plaintiff alleges that his medication "never came." On August 2, 2008, Plaintiff submitted a medical request and on August 26, 2008, Plaintiff received his medication.

1    Plaintiff refers the Court to various exhibits attached to his complaint in order to make his
2 statement of claim complete. Plaintiff refers to the exhibits to allege that he has "been asking for
3 help and therapy and MRI." (Id.) Plaintiff specifically alleges that "Exhibit P show I have osteophy
4 at the knee joint. It take MRI to see what really wrong with my knee. They never did it. I been pain
5 for few years nothing has been done but medication. . . . do to lack of adequate medical my knee
6 didn't heal." (Id.)
7    To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under
8 color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal
9 law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives
10 another of a constitutional right, where that person 'does an affirmative act, participates in another's
11 affirmative acts, or omits to perform an act which [that person] is legally required to do that causes
12 the deprivation of which complaint is made." Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007)
13 (quoting Johnson v. Duffy, 588 F.2d 740, 743 9th Cir. 1978)). "[T]he 'requisite causal connection
14 can be established not only by some kind of direct, personal participation in the deprivation, but also
15 by setting in motion a series of acts by others which the actors knows or reasonably should know
16 would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743.44).

17    **A.    Eighth Amendment Medical Care Claim**

18    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
19 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
20 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part
21 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
22 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
23 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
24 deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059
25 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
26 Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a
27 purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused
28 by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Where a prisoner is alleging a delay

3

in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

### 1.     Dr. Shehata

Here, Plaintiff alleges that his medical treatment was delayed, but he fails to allege any specific conduct as to Dr. Shehata. The only conduct charged to Dr. Shehata is that he treated Plaintiff. In order to state a claim against Dr. Shehata, Plaintiff must allege facts indicating that Dr. Shehata knew of and disregarded a serious risk to Plaintiff's health. Although Plaintiff alleges that his medication was delayed, he fails to allege any facts indicating that Dr. Shehata was responsible for the delay.

### 2.     State Defendants

Plaintiff names as Defendants the State of California and the California Department of Corrections and Rehabilitation. "The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). The State of California and the California Department of Corrections and Rehabilitation are therefore immune from suit and should therefore be dismissed.

Plaintiff has failed to allege facts sufficient to state a claim for relief. As to the only individual defendant in this action, Dr. Shehata, the only conduct charged to him is that he saw

4

Plaintiff. In order to state a claim against Dr. Shehata, Plaintiff must allege, in his own words, what happened. Plaintiff must describe what Dr. Shehata did to violate the particular right described by Plaintiff.

Further, Plaintiff may not refer to documents outside the complaint. Plaintiff may not attach exhibits to his complaint in order to make his statement of claim. Plaintiff must simply state his claim, and allege facts in support of his claim. At this stage in the litigation, no evidence need be submitted. Should the Court find that Plaintiff states a claim for relief, a scheduling order will be entered, including the setting of a deadline for filing motions for summary judgment and motions for failure to exhaust administrative remedies. Plaintiff will be advised of the requirements for opposing a motion for summary judgment, including the submission of exhibits. Until such time as a motion for summary judgment or motion to dismiss for failure to exhaust have been filed, it is unnecessary to submit exhibits.

**III.     Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under section 1983. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

5

complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send to Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **March 9, 2011**              /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE