1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## EASTERN DISTRICT OF CALIFORNIA

8

| | |
|---|---|
| 9 | JESSE JOHNSON,⁣ ) ⁣ CASE NO. 1:10-cv-02216 GSA PC |

9   JESSE JOHNSON,                    )   CASE NO. 1:10-cv-02216 GSA PC
                                      )
10                    Plaintiff,      )   ORDER DISMISSING THIS ACTION FOR
                                      )   FAILURE TO STATE A CLAIM UPON
11        v.                          )   WHICH RELIEF COULD BE GRANTED
                                      )
12   DR. SHEHATA, M.D., et al.,       )
                                      )
13                    Defendants.     )
     _____/

14

15   **I.    Procedural History**

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

17   pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to

18   28 U.S.C. § 636(c)(1). Pending before the Court is the April 11, 2011, first amended complaint filed

19   in response to the March 19, 2011, order dismissing the original complaint and granting Plaintiff

20   leave to file an amended complaint.

21   **II.   Screening Requirement**

22        The Court is required to screen complaints brought by prisoners seeking relief against a

23   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

24   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

25   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

26   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

27   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

28   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

1

1   claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

2        "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

3   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

4   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

5   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

6   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

7   grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading

8   standard . . . applies only to a plaintiff's factual allegations."  Neitze v. Williams, 490 U.S. 319, 330

9   n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements

10  of the claim that were not initially pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257

11  (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

12  **III.**    **Plaintiff's Claims**

13       Plaintiff, an inmate in the custody of the California Department of Corrections and

14  Rehabilitation (CDCR) at Avenal State Prison, brings this civil rights action against defendant Dr.

15  Shehata, M.D., the Chief Medical Officer North Kern State Prison (NKSP), and J. Clark Kelso, the

16  federally appointed receiver for the CDCR medical system.  The conduct at issue in this lawsuit

17  occurred while Plaintiff was housed at NKSP.  Plaintiff's statement of claim relates to his medical

18  care.

19       In the original complaint, Plaintiff alleged that he hurt his knee while housed at NKSP on

20  July 31, 2008.  Plaintiff was seen by Dr. Shehata, and asked Dr. Shehata for pain medication.  Dr.

21  Shehata told Plaintiff he would get the medication the next day.  Dr. Shehata denied Plaintiff's

22  request for an "H-bandage."  Plaintiff alleges that his medication "never came."  On August 2, 2008,

23  Plaintiff submitted a medical request and on August 26, 2008, Plaintiff received his medication.

24       In the order dismissing the original complaint, Plaintiff was advised that "[T]o maintain an

25  Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate

26  indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting

27  Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate

28  indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that

1    'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and

2    wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately

3    indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.

4    1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)

5    (en banc) (internal quotations omitted)).   Deliberate indifference is shown by "a purposeful act or

6    failure to respond to a prisoner's pain or possible medical need, and harm caused by the

7    indifference." Id. (citing McGuckin, 974 F.2d at 1060).   Where a prisoner is alleging a delay in

8    receiving medical treatment, the delay must have led to further harm in order for the prisoner to

9    make a claim of deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely

10   v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

11         As to Dr. Shehata, the Court noted that although Plaintiff alleged that his medical treatment

12   was delayed, he failed to allege any specific conduct as to Dr. Shehata.   The only conduct charged

13   to Dr. Shehata was that he treated Plaintiff.   Plaintiff was advised that in order to state a claim

14   against Dr. Shehata, he must allege facts indicating that Dr. Shehata knew of and disregarded a

15   serious risk to Plaintiff's health.   Although Plaintiff alleged that his medication was delayed, he

16   failed to allege any facts indicating that Dr. Shehata was responsible for the delay.

17         In the first amended complaint, the Court finds that Plaintiff has failed to cure the defects

18   identified in the earlier order.   Plaintiff alleges that in July of 2008, he suffered a serious knee injury

19   while at KVSP.  (Am. Comp. ¶ IV.)  On July 31, 2008, Plaintiff was seen by Dr. Shehata.  Plaintiff

20   alleges that Dr. Shehata "failed to properly diagnose my condition and treat it accordingly."  (Id.)

21   Plaintiff alleges that "after several attempts at a second opinion," Dr. Shehata conceded to an exam

22   by a staff radiologist."   The radiologist concluded that Plaintiff had a "narrowing of the

23   patellofemoral compartment and mild spruing of the tibial spines."   In Plaintiff's view, this

24   constitutes "a clear indication that I did in fact injury my knee and I was never given any type of

25   support (knee brace, ace bandage medication, etc.)  It is clear that the medical staff deliberately

26   ignored my numerous request although having the authority and the means to treat me in a

27   reasonable time."  (Id.)  Plaintiff was subsequently transferred to another institution "where the

28   obvious lack of proper attention continued."   Plaintiff alleges that the failure to treat the condition

1    has resulted in further injury.

2        In sum, Plaintiff's allegations indicate that he was seen by Dr. Shehata once, on July 31,

3    2008. Dr. Shehata prescribed pain medication. Plaintiff did not receive his medication immediately

4    and on August 2, 2008, Plaintiff submitted a medical request. Plaintiff received his medication on

5    August 26, 2008. Dr. Shehata also referred Plaintiff to a radiologist. Plaintiff fails to allege any

6    facts indicating that any delay in seeing a radiologist was the fault of Dr. Shehata. Plaintiff fails to

7    allege facts indicating that Dr. Shehata's conduct injured Plaintiff. The facts alleged indicate that

8    Dr. Shehata prescribed pain medication and referred Plaintiff to a radiologist. Although Plaintiff

9    alleges that there was a delay in receiving his pain medication, there are no allegations indicating that

10   any such delay was the result of any conduct by Dr. Shehata. The gravamen of Plaintiff's complaint

11   is the quality of medical care in general that he has received since his injury in July of 2008. Plaintiff

12   alleges that he has been subjected to inadequate medical care in general, but fails to charge Dr.

13   Shehata with any conduct that states a colorable claim for deliberate indifference. The only specific

14   conduct charged to Dr. Shehata is that he saw Plaintiff on July 31, 2008, that he prescribed pain

15   medication, and that he referred Plaintiff to a radiologist. There is no other conduct charged to Dr.

16   Shehata. Plaintiff's claims regarding Dr. Shehata should therefore be dismissed.[1]

17   **IV.    Conclusion and Order**

18       The Court finds that Plaintiff's fist amended complaint states claims under section 1983

19   against Defendants Shehata and Kelso for deliberate indifference to his serious medical needs in

20   violation of the Eighth Amendment. Plaintiff has filed a first amended complaint, but has not cured

21   the deficiencies previously identified by the Court. Accordingly, the Court orders that further leave

22   to amend not be granted, and this action be dismissed for failure to state a claim upon which relief

23   could be granted. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (pro se litigant must be given

24   leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint

25   could not be cured by amendment).    See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir.

26   1992)(dismissal with prejudice upheld where court had instructed plaintiff regarding deficiencies in

27

28       [1] As to Defendant J. Clark Kelso, Plaintiff fails to allege any conduct, and fails to refer to him in his statement of claim. Defendant Kelso should therefore be dismissed.

1  prior order dismissing claim with leave to amend).

2      Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a

3  claim upon which relief can be granted, and that this action count as a strike under 28 U.S.C. §

4  1915(g).   The Clerk is directed to close this case.

5

6      IT IS SO ORDERED.

7      **Dated:    April 14, 2011**              **/s/ Gary S. Austin**
                                            UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28