# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE JOHNSON, | 1:10-cv-02216-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 11.) |
| DR. SHEHATA, M.D., et al., | |
| Defendants. | |

## I. BACKGROUND

Jesse Johnson ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 10, 2010, Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1).  (Doc. 5.)  On April 14, 2011, Plaintiff filed a motion for reconsideration of the undersigned's Court's order dismissing this action for failure to state a claim.  (Doc. 11.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks

1  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
2  to show "what new or different facts or circumstances are claimed to exist which did not exist or
3  were not shown upon such prior motion, or what other grounds exist for the motion."

4       "A motion for reconsideration should not be granted, absent highly unusual circumstances,
5  unless the district court is presented with newly discovered evidence, committed clear error, or if
6  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
7  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
8  and "[a] party seeking reconsideration must show more than a disagreement with the Court's
9  decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
10 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

11      The basis for Plaintiff's present motion is his disagreement with the Court's decision entered
12 on April 29, 2011, which dismissed this action for failure to state a claim.  Plaintiff argues that this
13 case should be reopened because he was not provided adequate medical care by Dr. Shehata,
14 resulting in injury.  However, the Court explained in its order that to state a medical care claim,
15 Plaintiff must allege facts that Dr. Shehata was deliberately indifferent to Plaintiff's serious medical
16 needs.  Plaintiff alleged in the First Amended Complaint that Dr. Shehata prescribed pain medication
17 and referred Plaintiff to a radiologist.  Plaintiff alleged that there was a delay in receiving his pain
18 medication, but there are no facts alleging that such delay was the result of any conduct by Dr.
19 Shehata.  (Order dismissing action, Doc. 9 at 4:2-16.)  Plaintiff failed to cure the deficiencies in the
20 complaint previously identified by the Court.  (Order dismissing complaint with leave to amend,
21 Doc. 7.)  Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore
22 not met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d
23 at 880.  Plaintiff's disagreement is not sufficient grounds for relief from the order.  Westlands Water
24 Dist., 134 F.Supp.2d at 1131.
25 ///
26 ///
27 ///
28 ///

III.   **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on April 29, 2011, is DENIED.


IT IS SO ORDERED.

**Dated:**   **September 2, 2011**              /s/ **Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE